UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| HARVEY TYRIK ROBINSON | ) |
| | ) |
| Petitioner, | ) Civil Action No. 10-CV-00098-HRW |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Respondent. | ) |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Harvey Tyrik Robinson, confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky, filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Robinson alleges that his 180-month federal sentence violates the Due Process Clause of the United States Constitution because it was improperly enhanced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e).

The Court screens the petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th

Cir. 1970) (citations omitted).[1] As Robinson has not shown that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his federal sentence, his § 2241 petition will be denied and this proceeding will be dismissed.

## CONVICTION AND POST-CONVICTION LITIGATION

In March 2003, Robinson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 9229g)(1). *See United States v. Robinson*, No. 7:01-cr-00122-F-1 (E.D. N.C.) ("the Trial Court"). At sentencing, the Trial Court determined that Robinson was an armed career offender; applied the mandatory minimum 15-year penalty; and imposed a 180-month sentence with five years of supervised release. *See* Trial Court Docket, [D. E. 13].

Robinson neither appealed his sentence nor filed motion in the Trial Court under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On May 28, 2008, Robinson filed a motion in the Trial Court to reduce his sentence under 18 U.S.C. § 3582(c)(2). *See id.*, [D. E. 16]. He argued that because some of his prior offenses did not involve either violent felonies or serious drug offenses, neither United States Sentencing Guideline ("USSG") § 4A1.2(a)(1),(2) nor the automatic sentence

---

[1] As Robinson is appearing *pro se,* the Court holds his pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court takes as true the *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b).

2

enhancements of the ACCA applied, and that accordingly, the Trial Court had improperly enhanced his sentence under the ACCA.

On June 25, 2009, the Trial Court denied Robinson's § 3582 motion, finding that even if it excluded from consideration the specific prior convictions Robinson was challenging, his *other* prior convictions conferred armed career criminal status on him pursuant to USSG. 4B1.4(c)(1). *See id.*, [D. E. 23, p. 1]. The Trial Court noted that although the ACCA's 15-year mandatory minimum sentence applied,[2] Robinson received the lowest sentence available -180 months- for the offense. [*Id*].

## CLAIMS ASSERTED

In his § 2241 petition, Robinson alleges that because some of his prior convictions involved neither violent felonies nor serious drug offenses required to trigger the ACCA enhancement, he is "actually innocent" of being an armed career offender. While acknowledging that he did not first challenge his ACCA-enhanced sentence in the Trial Court under § 2255, Robinson argues that this Court can "craft the appropriate remedy on His [sic] claim of innocence under § 2241 in light of the 'savings clause.'" *See* Petition, [D. E. 1, p.5]. Robinson relies on *Sawyer v. Whitley*,

---

[2] The Trial Court explained that Robinson's armed career criminal status resulted in a criminal history category of VI; that his offense level was correctly calculated at 30; and that an offense level of 30 and criminal history category of VI yields a guideline range of 180 to 210 months. *Id.*

3

505 U.S. 333, 340-347 (1992), as support for his claim that he can seek relief under § 2241 despite his failure to seek relief in the Trial Court under § 2255.

## DISCUSSION

Robinson is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

There is one exception to this rule: the "savings clause" of § 2255 allows for a § 2241 action if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). But a federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that

4

his § 2255 remedy under is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799(6th Cir. 2003).

Robinson either was or should have been aware "at or prior to sentencing" that his § 922(g) sentence would be enhanced under the ACCA. Robinson stated that when he entered the guilty plea on March 17, 2003, he did so "without benefit of the plea agreement...." *See* Petition, [D. E. 1, p. 4], but that he was "...was advised of the penalties for the Armed Career Criminal Enhancement." [*Id*]. Robinson thus admits that as early as March of 2003, well before he was sentenced, he was on notice that the Trial Court would enhance his sentence under the ACCA. Yet Robinson did not file a § 2255 motion challenging his sentence, although he had a year from the date on which his criminal judgment became final in which to do so. *See* § 2255(1).

Robinson essentially urges the Court to excuse his failure to file a § 2255 motion challenging his enhanced sentence. Contrary to Robinson's assertion, this Court cannot ignore the settled rule requiring a prisoner challenging either a federal conviction or sentence to first present such claims to the Trial Court under § 2255. Section 2241 is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The remedy under § 2255 is not "inadequate and

ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Here, Robinson had an opportunity to correct an alleged fundamental defect in his sentence under pre-existing law, but he failed to avail himself of that remedy. Claiming actual innocence based on issues which could or should have been addressed at trial, on appeal, or through a motion to vacate, does not establish grounds for relief pursuant to 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence").

Robinson's reliance on *Sawyer* is misplaced for two reasons. First, *Sawyer* involved a death penalty petitioner convicted in state court who was asserting a federal habeas challenge to his conviction under 28 U.S.C. § 2254. This statute allows persons convicted under state law to collaterally challenge their sentences in federal court under certain grounds. Section § 2254 is the corollary to § 2255, which authorizes persons convicted of federal offenses to seek federal habeas relief. In contrast, Robinson did not pursue his corollary § 2255 remedy in the Trial Court, but

instead seeks relief under § 2241.

Second, the § 2254 petitioner in *Sawyer* had new evidence showing that he was actually innocent of the underlying state criminal charge. Because the evidence created a previously unavailable constitutional claim, the petitioner was allowed to present it despite his procedural default. *Sawyer*, 505 U.S. at 336. The Court explained that "[T]o show 'actual innocence' one must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Id*.

Whereas the *Sawyer* petitioner offered new, previously unavailable evidence constituting "actual innocence" of the underlying offense, Robinson does not. He instead challenges *only* his enhanced sentence, not his guilt of the underlying § 922(g) offense to which he pleaded guilty. As such, Robinson raises only claims of "legal innocence" as to his sentence, not claims of "actual innocence" of the underlying § 922(g) offense. Robinson does not that allege new facts or evidence relating to the § 922(g) offense evolved after he was sentenced. *Sawyer* does not support Robinson's argument that he is entitled to relief under § 2241.

Further, Robinson's motion to reduce his sentence under § 3582 is not a substitute for a § 2255 motion. Section § 3582 is limited in scope, allowing a defendant to seek a sentence reduction because of a retroactive USSG amendment.

7

*United States v. Jackson*, 108 F. App'x, 338, 340 (6th Cir. 2004). However, claims challenging an incorrect sentence must be raised on direct appeal or in a § 2255 motion. *United States v. Carter*, 500 F.3d 486, 491 (6th Cir. 2007). The Trial Court did not re-characterize Robinson's § 3582 motion as a § 2255 motion. Under *Castro v. United States*, 540 U.S. 375, 377(2003), it was required to have notified Robinson if it had re-characterized it as a § 2255 motion. The Trial Court did not do so.

As *Charles* dictates, Robinson's failure to file a § 2255 motion in the Trial Court does not mean that § 2255 was either an inadequate and ineffective means to challenge his sentence. Section §2241 is not a catch-all remedy to assert claims that could have been brought under §2255. *Charles*, 180 F.3d at 758. Under the facts as alleged, Robinson fails to show that his § 2255 remedy was inadequate or ineffective to challenge his detention, so § 2241 relief is not available.

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a

8

constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Robinson has not alleged an applicable intervening change in the law or any extraordinary circumstances suggesting that he is actually innocent of the underlying § 922(g) for which he is serving his sentence. Additionally, as explained above, because Robinson challenges *only* his ACCA-enhanced sentence, he asserts a claim of "legal innocence," not "actual innocence." Federal courts have not extended the savings clause to petitioners challenging only their sentences. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); *see also Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009). Consequently, Robinson's § 2241 claim of "actual innocence" only as to his ACCA-enhanced sentence is insufficient to invoke either the savings clause of § 2255 or the extraordinary provisions of § 2241.

As Robinson has shown neither that his § 2255 was inadequate or ineffective to challenge his enhanced sentence, nor that he is actually innocent of being a felon in possession of a firearm, he is not entitled to relief under § 2241. *See Raymer v.*

*Barron*, 82 F. App'x 431 (6th Cir. 2003); *Coles v. United States*, 177 F. Supp.2d 710, 713 (N.D. Ohio 2001). Robinson's § 2241 petition will be denied.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Harvey Tyrik Robinson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [D. E. 1], is **DENIED**; and

(2) This action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This __3__ day of January, 2011.

_____
HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE